## HART and others *vs.* D. & A. SMALL.

Where the complainant, after he had referred the further answer of the defendant for insufficiency on the old exceptions, and after he had taken out and served a warrant to proceed on such reference, put in new exceptions to the further answer, for impertinence, and obtained another order of reference of those exceptions; *Held*, that the exceptions for impertinence were irregular; and they were ordered to be taken off the files of the court.

Where the complainant wishes to except to the further answer, *as well as to* refer it on the old exceptions for insufficiency, he must file his new exceptions within the ten days allowed by the 52d rule for referring a second or third answer upon the old exceptions; and after the defendant has had the usual time to submit to the new exceptions, the complainant may have an order to refer the answer upon the old exceptions, and upon such of the new exceptions as are not submitted to by the defendant.

The complainant is not precluded from excepting to the further answer of a defendant, for impertinence, although it purports to be an answer to the old exceptions for insufficiency only; but in that case, his exceptions for impertinence must be filed within the ten days allowed for referring the further answer upon the old exceptions, or it will be too late.

If the bill has been amended, so that the further answer is an answer to the amendments as well as the exceptions, the complainant may file new exceptions at any time within twenty days; but the answer as to the old exceptions will be deemed sufficient, unless new exceptions are filed, or it is referred on the old exceptions within the first ten days.

THIS was an application on the part of Daniel Small, one January 28. of the defendants in this cause, to set aside the proceedings upon the complainants' exceptions to his further answer, for irregularity. The complainants, within ten days after the further answer was put in, referred the same for insufficiency on some of the old exceptions; and they took out a warrant on such reference, and served it on the defendants' solicitor. They subsequently put in new exceptions to the further answer for impertinence; and afterwards obtained another order of reference upon those exceptions.

*J. N. Cushman,* for the complainants.

*Israel Williams,* for the defendant.

1834.

Hart
v.
Small.

THE CHANCELLOR. It was irregular to except to the de
fendants' second or further answer for impertinence, after it
had been referred for insufficiency upon the old exceptions.
In the case of *The Bennington Iron Co.* v. *Campbell*, (2 *Paige's
Rep.* 162,) the course to be pursued, where the complainant
wishes to except to the further answer as well as to refer it on
the old exceptions, is pointed out. The complainant must
first file his new exceptions within the ten days, allowed by
the 52d rule for referring a second or a third answer upon the
old exceptions. This will operate as an enlargement of the
time, allowed by that rule, until after the defendant has had
the usual time to submit to the new exceptions. And the
camplainant may then, or within the ten days thereafter, take
his order to refer the answer, to the master, upon the old ex-
ceptions which are not answered, and upon such of the new
exceptions as are not submitted to. Although the case refer-
red to was a case of new exceptions for insufficiency, the same
reasons are also applicable to exceptions to a further answer
for impertinence, where the defendant has undertaken to an-
swer amendments and exceptions together. The 53d rule of
this court has placed exceptions for impertinence and excep-
tions for insufficiency on the same footing, substantially, as to
the mode of proceeding thereon in such cases. Where the bill
has not been amended, so that the further answer is only
an answer to the old exceptions for insufficiency, the com-
plainant is not precluded from excepting for impertinence.
But, in that case, his exceptions must be filed within the ten
days allowed for referring the answer on the old exceptions,
or it will be too late ; as the answer will then be deemed to
be sufficient.

If the further answer is intended as an answer to amend-
ments, as well as to the former exceptions, a neglect to file
new exceptions for insufficiency, or impertinence, within the
first ten days, does not deprive the complainant of the benefit
of such new exceptions ; provided such new exceptions are
filed and served within the twenty days allowed by the 50th
rule ; the further answer, so far as it purports to be an an-
swer to the amendments, not being complete until the expira-

tion of that time. But the order of reference in such a case must be a reference of the new exceptions only ; or such of them as have not been submitted to by the defendant. In other words, the further answer is complete, as to the matters of the original bill and the old exceptions, unless some proceedings are had thereon within the first ten days after it is put in. But as to the new matters introduced into the bill by amendment, it is not complete until after the expiration of twenty days. (*See Van Wagenan* v. *Murray*, 1 *Edward's Ch. Rep.* 319.)

The order, in the present case, to refer the second answer upon the old exceptions, which order was entered within the first ten days and before any new exceptions were filed, was perfectly regular. But by the entry of that order, the complainants precluded themselves from taking new exceptions to any part of the answer, either for insufficiency or impertinence. The new exceptions must therefore be taken off the files of the court ; and the order of reference entered thereon must be set aside. As the practice in this respect has not been well understood, and the construction of some of the new rules has not before been explicitly declared, I shall not charge the complainants with the costs of this application in this stage of the suit. The defendants' costs, however, will be costs in the cause, if he succeeds in obtaining a decree against the complainants for costs when the cause is finally disposed of, upon the merits or otherwise.